UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7639 PA (AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | Unicolors, Inc. v. David & Young Group Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Unicolors, Inc. ("Plaintiff"). Plaintiff alleges claims for copyright infringement against defendants David & Young Group Corp. ("David & Young"); Boscov's Department Store, LLC ("Boscov's"); DSW, Inc. ("DSW"); Francesca's Collections, Inc. ("Francesca"); Kohl's Department Stores ("Kohl's"); Nordstrom, Inc. ("Nordstrom"); PS Imports FL., Inc. Going business as Beya Stores ("Beya"); Contempo Inc. ("Contempo"); and Ross Stores, Inc. ("Ross") (collectively "Defendants"). According to the Complaint, Plaintiff owns the copyright in a two-dimensional artwork which is used for textile printing. The Complaint further alleges that Defendants manufactured, imported, sold and distributed infringing reproductions of Plaintiff's copyrighted design. Specifically, Boscov's, DSW, Francesca's, Kohl's, and Nordstrom allegedly sold and distributed infringing products which were manufactured by David & Young. Ross allegedly sold and distributed infringing products which were manufactured by Contempo. Beya allegedly sold and distributed infringing products which were manufactured by an unknown Doe defendant.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7639 PA (AJWx) | Date | January 13, 2016 |
|---|---|---|---|
| Title | Unicolors, Inc. v. David & Young Group Corp., et al. | | |

      Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims against Defendants arise out of the same transaction or occurrence.  Specifically, it is not apparent that the mere fact that David and Young supplied several defendants with various allegedly infringing goods is enough to satisfy Rule 20(a)(2).  See, e.g., Star Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).  Moreover, it is particularly unclear how Plaintiff's claims against Ross, Contempo, and Beya also arise from this same transaction or occurrence.  See id.

      The Court therefore orders Plaintiff to show cause in writing, no later than January 27, 2016, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

      In response to this Order to Show Cause, Plaintiff may, if it so chooses, dismiss all defendants except for one retailer and its alleged supplier.  Plaintiff may then, if it so chooses, file separate actions against the dismissed defendants, with new complaints and filing fees.

      IT IS SO ORDERED.